UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT F. JEPSON, * <br> * <br> Plaintiff, * <br> * <br> v. * <br> * <br> MORTGAGE ELECTRONIC * <br> REGISTRATION SYSTEMS, INC. et al., * <br> * <br> Defendants. * <br> * | Civil Action No. 1:18-cv-12461-ADB |

## **MEMORANDUM AND ORDER ON MOTION TO REMAND**

BURROUGHS, D.J.

Before the Court is Plaintiff Robert F. Jepson's ("Plaintiff") motion to remand. [ECF No. 8]. For the reasons set forth below, Plaintiff's motion is DENIED.

### I. FACTUAL BACKGROUND

Plaintiff purchased a residential property located at 34 Hinsdale Road, Nantucket, Massachusetts on December 13, 1977. [ECF No. 1-1 at 3, 5]. On May 17, 2005, Plaintiff borrowed $999,999.00 from American Home Mortgage Acceptance, Inc. ("AHMA") to refinance the mortgage on the property and executed a note and granted a mortgage to AHMA. [Id. at 5, 30–31]. On September 9, 2009, Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for AHMA, assigned the mortgage to Deutsche Bank National Trust Company ("Deutsche Bank"). [Id. at 7]. On April 17, 2018, Deutsche Bank recorded an affidavit at the Registry of Deeds concerning the pending foreclosure on the property pursuant to Mass. Gen. Laws ch. 244, § 35C. [Id. at 67]. Ocwen Loan Servicing, LLC ("Ocwen") services the mortgage. [Id. at 9].

On October 24, 2018, Plaintiff filed an action against Ocwen, MERS, Deutsche Bank, and related entities (collectively "Defendants")[1] in Nantucket Superior Court alleging unfair debt collection practices in violation of Mass. Gen. Laws ch. 93, § 49, unfair and deceptive practices in violation of Mass. Gen. Laws ch. 93A, § 9, and requesting equitable relief in the form of quieting or establishing title and a declaratory judgment. [Id. at 13–15]. Plaintiff's complaint does not specify an amount of damages sought. [Id. at 15]. On November 28, 2018, Defendants removed the action to this Court. [ECF No. 1]. Following removal, Plaintiff filed a motion to remand the case back to Nantucket Superior Court on the ground that this Court does not have jurisdiction to hear the matter under 28 U.S.C. § 1332 or 28 U.S.C. § 1441(b)(2) because the amount in controversy is not met. See [ECF No. 8 at 1–2]. Defendants oppose remand and assert that they have met their burden of establishing that the amount in controversy exceeds $75,000. See [ECF No. 11 at 6–7].

## II. DISCUSSION

Federal diversity jurisdiction is available in cases arising between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A defendant seeking removal bears the burden of showing that the federal court has jurisdiction. See Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999). Removal of an action is proper if the court determines, "by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(B).

---

[1] Plaintiff's complaint names six defendants: (1) Mortgage Electronic Registration Systems, Inc. ("MERS"), (2) Deutsche Bank National Trust Company ("Deutsche Bank, Trustee"), (3) Mortgage Electronic Registration Systems, Inc. ("MERS 2"), (4) Deutsche Bank National Trust Company ("DBNTC, Trustee"), (5) Ocwen, and (6) Deutsche Bank National Trust Company ("DB Trustee 2005-2"). [ECF No. 1-1 at 3–4]. Defendants assert, however, that the complaint includes two additional name variations of Deutsche Bank and that MERS and MERS 2 relate to the same entity. [ECF No. 11 at 1].

When a plaintiff seeks equitable relief, the amount in controversy is "measured by the value of the object of the litigation." Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977). Consistent with this rule, the First Circuit has observed that "where a complaint seeks to invalidate a loan secured by a deed of trust," many courts consider "the amount in controversy [to be] the loan amount." McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 212 (1st Cir. 2012).[2] Similarly, courts in this district have found that when "the allegations in [a] complaint go to the essence of the validity of [a] mortgage and [the mortgagee's] right to foreclose, the face value of loan is the appropriate measure for the amount in controversy."[3] Andrews v. HSBC Bank USA, N.A., 264 F. Supp. 3d 346, 349 (D. Mass. 2017) (citing Larace v. Wells Fargo Bank, N.A., 972 F. Supp. 2d 147, 151 (D. Mass. 2013)).

The parties agree that they are diverse as required under 28 U.S.C. § 1332(a). See [ECF No. 8 at 4; ECF No. 11 at 2]. The parties disagree as to whether the amount in controversy requirement under 28 U.S.C. § 1332 has been met. See [ECF No. 8 at 4; ECF No. 11 at 3]. Defendants contend that the amount in controversy exceeds $75,000 because Plaintiff is

---

[2] In McKenna, the defendant challenged the court's appellate jurisdiction, which required the court to consider its subject matter jurisdiction *sua sponte*. McKenna, 693 F.3d at 211. The court found sufficient diversity jurisdiction to support the state statutory claims presented. Id. The court noted that some courts have found the amount in controversy to be the loan amount, while other courts calculate the amount in controversy using "the unpaid principal balance on the note as of the date of removal." Id. at 212 (citing RC Lodge, LLC v. SE Prop. Holdings, LLC, No. 12-0112, 2012 WL 2898815, at *1 (S.D. Ala. July 16, 2012)). The court expressed a preference for the face-value-of-the-loan rule because it "has the advantage of perfect simplicity," which "cannot be manipulated through strategic timing of a filing." Id. Ultimately, the court did not need to answer the question of which test the First Circuit would approve because "it is enough here that by any of the suggested tests the matter in controversy exceeds $75,000." Id.

[3] These cases refer to the face-value-of the loan as the appropriate measure for the amount in controversy where the Bank's property ownership was at issue. Plaintiff's assertion that Defendants did not have an interest in his property or a right to move forward with a foreclosure auction places the Bank's ownership at issue. See Andrews, 264 F. Supp. 3d at 349; see also Larace, 972 F. Supp. 2d at 151.

3

challenging foreclosure on a $999,999.00 mortgage. [ECF No. 11 at 6]. Plaintiff disputes Defendants' contention that the amount in controversy is determined by the value of the mortgage. [ECF No. 14 at 3]. Plaintiff does not suggest an alternative amount in controversy, instead arguing that he is seeking "statutory 'costs' which will be measured in the hundreds of dollars," a declaratory judgment, and "an unidentified amount for 'interest, costs and attorney's fees,' and 'multiple damages and costs.'" [ECF No. 8 at 4].

Although Plaintiff's complaint is styled as a claim for unfair debt collection practices and unfair and deceptive practices, [ECF No. 1-1 at 14–15], the allegations go to the essence of the validity of the mortgage and Defendants' right to foreclose. For example, Plaintiff seeks damages on the theory that Defendants did not have an interest in his property or a right to move forward with a foreclosure auction. See [id. at 10–13]. The complaint also asserts that Deutsche Bank filed several Servicemember's Civil Relief Act complaints in the Land Court seeking to foreclose the AHMA mortgage, but did not comply with Mass. Gen. Laws ch. 244, § 14. [Id.]. Therefore, given the nature of the dispute, the face value of loan ($999,999.00) is the appropriate measure for the amount in controversy, and removal was proper. See Hunt, 432 U.S. at 347; McKenna, 693 F.3d at 212; Andrews, 264 F. Supp. 3d at 349.

### III. CONCLUSION

Accordingly, Defendants' removal is proper under 28 U.S.C. § 1332, and Plaintiff's motion to remand [ECF No. 8] is DENIED.

**SO ORDERED.**

March 14, 2019 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE