UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT F. JEPSON,<br><br>Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Indenture Trustee for AMERICAN HOME MORTGAGE INVESTMENT TRUST 2005-2, MORTGAGE BACKED NOTES, SERIES 2005; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS 2); DEUTSCHE BANK NATIONAL TRUST COMPANY as Indenture Trustee for AMERICAN HOME MORTGAGE INVESTMENT TRUST 2005-2 (DBNTC, Trustee); DEUTSCHE BANK NATIONAL TRUST COMPANY, as Indenture Trustee for AMERICAN HOME MORTGAGE INVESTMENT TRUST 2005-2 (DB Trustee 2005-2); OCWEN LOAN SERVICING, LLC;<br><br>Defendants. | * * * * * * * * * * * * * * * * * * * * * * * * * * * * | Case No. 18-cv-12461-ADB |

**MEMORANDUM AND ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

BURROUGHS, D. J.

Plaintiff Robert F. Jepson ("Plaintiff") brings this suit against the Mortgage Electronic Registration Systems, Inc. ("MERS"), Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2005-2 ("Deutsche Bank as Trustee"), and Ocwen Loan Servicing, LLC ("Ocwen") (collectively, "Defendants") to quiet title on his former property in Nantucket, Massachusetts (the "Property") and obtain a declaratory judgment

as to its ownership. Presently before the Court are cross-motions for summary judgment. [ECF Nos. 54, 60]. For the reasons that follow, Defendants' motion is GRANTED, and Plaintiff's motion is DENIED.

# I. BACKGROUND

## A. Factual Background

Unless otherwise noted, the following facts are undisputed.[1]

Plaintiff entered into a loan agreement with American Home Mortgage Acceptance, Inc. ("AHMA") on May 17, 2005 to refinance the Property. [ECF No. 68 ¶¶ 1–2]. As part of the loan agreement, Plaintiff executed a promissory note ("Note") in the amount of $999,999.00 secured by a mortgage ("Mortgage"). [ECF No. 56-4; ECF No. 68 ¶ 3]. Plaintiff granted the Mortgage to MERS as the nominee for AHMA and its successors and assigns. [ECF No. 68 ¶ 3]. Plaintiff first defaulted on his loan obligations in May 2007. [ECF No. 68 ¶ 19; ECF No. 56-2 at 11]. On December 22, 2008, the loan servicer, American Home Mortgage Servicing, Inc., mailed Plaintiff a notice of default, and in April 2009 Deutsche Bank as Trustee initiated foreclosure proceedings via the filing of a Servicemembers Civil Relief Act ("SCRA") action. [ECF Nos. 56-8, 56-9].[2]

---

[1] The Court draws the facts from Defendants' statement of material facts, [ECF No. 56], Plaintiff's statements of material facts, [ECF Nos. 62, 69 (additional statement in support of opposition brief)], Defendants' response to Plaintiff's statement of material facts and additional statement of facts, [ECF No. 66], Plaintiff's response to Defendants' statement of facts, [ECF No. 68], and the documents cited therein.

[2] Although Plaintiff contests that a notice of default was sent in December 2008, [ECF No. 68 ¶ 21], he has not pointed to anything in the record to support his contention that this statement is inaccurate or addressed the fact that a copy of the notice of default, addressed to Plaintiff, was submitted as an exhibit to Defendants' statement of fact, [ECF No. 56-8]. Likewise, he argues that an action filed under the SCRA is not technically the same as initiating a foreclosure proceeding and that any facts relating to the proceeding are irrelevant, immaterial, and should be

On September 4, 2009, MERS, solely as nominee for AHMA, assigned the Mortgage to Deutsche Bank National Trust Company as Indenture Trustee for American Home Mortgage Investment Trust 2005-2, Mortgage-Backed Notes, Series 2005-2, i.e., Deutsche Bank as Trustee ("Assignment"). [ECF No. 56-5].[3] The instrument was signed by Linda Green as assistant secretary of MERS, acting as nominee for AHMA. [Id.]. Plaintiff contends that Green had no authority from MERS to execute the Assignment and that the Assignment was fraudulent. [ECF No. 1-1 at 8 ¶ 26; ECF No. 69 ¶¶ 14–20].

Three months later, in December 2009, Plaintiff filed suit in Massachusetts Superior Court against Deutsche Bank as Trustee for equitable remedies, which he then voluntarily dismissed on April 15, 2011. [ECF No. 68 ¶¶ 23–25; ECF No. 56-10]. On January 27, 2010, Plaintiff filed suit in United States Bankruptcy Court for the District of Massachusetts for Chapter 13 bankruptcy. [ECF No. 68 ¶ 26; ECF No. 56-2 at 11–12; ECF No. 56-11]. As part of his Chapter 13 case, Plaintiff attested that he owed a mortgage debt in the amount of

---

struck, but he does not offer any evidence to create a genuine issue of material fact as to whether Deutsche Bank as Trustee filed a complaint in the Land Court in April 2009. [ECF No. 68 ¶ 21]. Further, Plaintiff undercuts his own position on this point by arguing in his motion for summary judgment briefing that "[i]t is undisputed that three separate SCRA complaints were filed in the Land Court seeking to foreclose the mortgage that [Plaintiff] granted to AHMA. The first one was filed in 2009, the second in 2011, and the third one in 2018." [ECF No. 61 at 8].

[3] Plaintiff makes much of the fact that Deutsche Bank as Trustee has gone by slightly different variations of the same name but has conceded that he has no reason to believe the slight variations reference different entities. [ECF No. 56-2 at 21]. Plaintiff has also offered no evidence to support his conclusory allegations that slight variations of addresses or names, such as MERS and MERS2, identify entities other than those named in this litigation.

$1,088,511.00 and that Deutsche Bank as Trustee was the secured creditor of his Mortgage. [ECF No. 56-12 (Schedule D)].[4]

On or around September 2, 2011, MERS recorded a confirmatory corporate assignment ("Confirmatory Assignment") to Deutsche Bank as Trustee, to confirm and correct the original Assignment. [ECF No. 56-6; ECF No. 68 ¶ 10]. Plaintiff asserts that the Confirmatory Assignment is fraudulent, and therefore null and void. [ECF No. 68 ¶ 10].

The following month, Deutsche Bank as Trustee filed another SCRA complaint in the Land Court in order to initiate foreclosure proceedings. [ECF No. 56-14]. Plaintiff answered the complaint, arguing that Deutsche Bank as Trustee was not the current holder of the Mortgage. [ECF No. 56-16 at 2]. The Land Court rejected Plaintiff's contention, pointing to the Registry, which showed that the Mortgage was granted to MERS as nominee for AHMA, then assigned to Deutsche Bank as Trustee. [Id. at 3]. The Land Court held that "given the absence of any evidence suggesting that the Mortgage has been assigned off-record to someone other than [Deutsche Bank as Trustee], [Plaintiff's] contention that [Deutsche Bank as Trustee] is not the current holder of the Mortgage utterly lacks factual foundation and is devoid of merit." [Id.]. Plaintiff's subsequent Motion for Reconsideration was denied. [ECF No. 56-18].[5]

---

[4] Plaintiff contests this statement of fact, but, other than asserting it is irrelevant and not material, he does not grapple with the Bankruptcy Court schedule attached to Defendants' statement of facts stating that he owed a mortgage debt of $1,088,511.00, that Deutsche Bank as Trustee is listed as a creditor for that claim, and that he signed the schedule under penalty of perjury. [ECF No. 56-12 at 9, 21].

[5] In response to Defendants' statement of facts, Plaintiff again objects on the basis that a SCRA complaint is not legally the same as initiating foreclosure proceedings and argues that any facts relating to the proceeding are irrelevant, immaterial, and should be struck. The record documents submitted by Defendants, however, clearly show that Deutsche Bank as Trustee filed a complaint in the Land Court, the Land Court rejected Plaintiff's argument that Deutsche Bank as Trustee did not hold the record of the Mortgage, and the Land Court later denied his motion for reconsideration. [ECF No. 68 ¶¶ 30–33, 37; ECF Nos. 56-14, 56-16, 56-18].

On April 18, 2012, Plaintiff filed a try title petition in the Land Court, in which he alleged that Deutsche Bank as Trustee was not the current holder of the Mortgage because the Assignment and Confirmatory Assignment were "fraudulent, invalid, void, and/or legally inoperative." [ECF No. 68 ¶ 40; ECF No. 56-19 ¶¶ 9, 13]. Following removal to federal court, a one-day bench trial took place, but the case was dismissed on a motion by Deutsche Bank as Trustee before findings of fact and conclusions of law issued. [ECF No. 56-20].

On September 28, 2017, Ocwen, as loan servicer, sent Plaintiff a Notice to Cure and Right to Request Modified Mortgage Loan. [ECF No. 68 ¶¶ 47–48; ECF No. 56-7 at 8–20 (Exs. 1–2)]. The following summer, Deutsche Bank as Trustee recommenced its SCRA proceedings in the Land Court. [ECF No. 56-22]. A foreclosure sale was conducted on October 25, 2018 and the Property was sold to Deutsche Bank as Trustee for $1,360,000.00. [ECF No. 56-26].[6] The day before the foreclosure sale, Plaintiff filed this suit in the Nantucket County Superior Court. [ECF No. 1-1].

**B. Procedural History**

Plaintiff originally filed his four-count complaint in the Nantucket Superior Court on October 24, 2018 (1) seeking to quiet title pursuant to Massachusetts General Laws ch. 240 § 6 (Count 1), [ECF No. 1-1 at 13 ¶¶ 78–81]; (2) to obtain a declaratory judgment pursuant to Massachusetts General Laws ch. 231 § 1 (Count II), [id. at 13–14 ¶¶ 82–87]; (3) alleging a violation of the Massachusetts Fair Debt Collection Practices Act, Massachusetts General Laws ch. 93 § 49 ("MFDCPA"), (Count III), [id. at 14 ¶¶ 88–91]; and (4) alleging a violation of Massachusetts General Laws ch. 93A § 9 ("Chapter 93A"), (Count IV), [id. at 15 ¶¶ 92–94].

[6] Plaintiff states that he contests these facts but has not pointed to any evidence in the record to support his position. [ECF No. 68 ¶¶ 60–61].

Defendants removed the action to this Court on November 28, 2018 based on diversity jurisdiction under 28 U.S.C. § 1332. [ECF No. 1].

On September 1, 2021, Defendants moved for summary judgment on all counts. [ECF No. 54]. Plaintiff filed a cross-motion for partial summary judgment as to Counts I and II on September 2, 2021. [ECF No. 60]. The parties filed oppositions on October 1, 2021, [ECF Nos. 65, 71], and Defendants filed a reply in support of their motion on October 15, 2021, [ECF No. 73].

## II. STANDARD OF REVIEW

Summary judgment is appropriate where the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A]n issue is 'genuine' if it 'may reasonably be resolved in favor of either party.'" Robinson v. Cook, 863 F. Supp.2d 49, 60 (D. Mass. 2012) (quoting Vineberg v. Bissonnette, 548 F.3d 50, 56 (1st Cir. 2008)). "A fact is material if its resolution might affect the outcome of the case under the controlling law." Cochran v. Quest Software, Inc., 328 F.3d 1, 6 (1st Cir. 2003) (citation omitted). Thus, "[a] genuine issue exists as to such a fact if there is evidence from which a reasonable trier could decide the fact either way." Id. (citation omitted).

By invoking summary judgment, "the moving party in effect declares that the evidence is insufficient to support the nonmoving party's case." United States v. One Parcel of Real Prop. (Great Harbor Neck, New Shoreham, R. I.), 960 F.2d 200, 204 (1st Cir. 1992) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). "To succeed in showing that there is no genuine dispute of material fact," the moving party must "'affirmatively produce evidence that negates an essential element of the non-moving party's claim,' or, using 'evidentiary materials already on file . . . demonstrate that the non-moving party will be unable to carry its burden of persuasion at

trial.'" Ocasio-Hernández v. Fortuño-Burset, 777 F.3d 1, 4-5 (1st Cir. 2015) (quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000)).

Conversely, "to defeat a properly supported motion for summary judgment, the nonmoving party must establish a trial-worthy issue by presenting enough competent evidence to enable a finding favorable to the nonmoving party." ATC Realty, LLC v. Town of Kingston, N.H., 303 F.3d 91, 94 (1st Cir. 2002) (quoting LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 842 (1st Cir. 1993) (cleaned up). That is, the nonmoving party must set forth specific, material facts showing that there is a genuine disagreement as to some material fact. One Parcel of Real Prop., 960 F.2d at 204 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

When reviewing the record, the Court "must take the evidence in the light most flattering to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Cochran, 328 F.3d at 6 (citation omitted). The First Circuit has noted that this review "is favorable to the nonmoving party, but it does not give him a free pass to trial." Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011). "The factual conflicts upon which he relies must be both genuine and material," Gomez v. Stop & Shop Supermarket Co., 670 F.3d 395, 396–97 (1st Cir. 2012), and the court may discount "conclusory allegations, improbable inferences, and unsupported speculation," Cochran, 328 F.3d at 6 (quoting Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252.

## III. DISCUSSION

Plaintiff's claims in this action are premised on the notion that Deutsche Bank as Trustee did not have standing to foreclose on the Mortgage under Mass. Gen. Laws. ch. 244, § 14.

Although the Mortgage was recorded, it is true that, as Plaintiff submits, in Massachusetts "there is nothing magical in the act of recording an instrument with the registry that invests an otherwise meaningless document with legal effect." Bevilacqua v. Rodriguez, 955 N.E.2d 884, 892 (Mass. 2011). Plaintiff has, however, pointed to no evidence that undermines the recorded transactions. Massachusetts has interpreted the term "mortgagee" in §14 to mean "the person or entity then holding the mortgage and also either holding the mortgage note or acting on behalf of the note holder." Eaton v. Fed. Nat. Mortg. Ass'n, 969 N.E.2d 1118, 1121 (Mass. 2012). Because the undisputed facts establish that Deutsche Bank as Trustee was (1) the mortgagee of record; and (2) possessed the original Note, Defendants are entitled to judgment as a matter of law.

**A. Count I: Action to Quiet Title**

In Count I, Plaintiff appears to allege that he remains the owner of the Property because the assignment of the Mortgage to Deutsche Bank as Trustee and the subsequent foreclosure were invalid, and, as a result, he seeks to quiet title pursuant to Mass. Gen. Laws ch. 240, § 6. [ECF No. 1-1]. A plaintiff must have "both actual possession and the legal title" to maintain a quiet title action. Rezende v. Ocwen Loan Servicing, LLC, 869 F. 3d 40, 43 (1st Cir. 2017) (quoting Daley v. Daley, 14 N.E.2d 113, 116 (Mass. 1938)). Under Massachusetts law, "when a person borrows money to purchase a home and gives the lender a mortgage, the homeowner-mortgagor retains only equitable title in the home." U.S. Bank Nat'l Ass'n v. Ibanez, 941 N.E.2d 40, 51 (Mass. 2011). Legal title to the property rests with the mortgagee. Id. Accordingly, "a quiet title action is not an avenue open to a mortgagor whose debt is in arrears." Flores v. OneWest Bank, F.S.B., 172 F. Supp. 3d 391, 396 (D. Mass. 2016) (quoting Oum v. Wells Fargo, N.A., 842 F. Supp. 2d 407, 412 (D. Mass. 2012)). Therefore, the Massachusetts

Supreme Judicial Court has affirmed dismissal of a quiet title action where the plaintiff alleged that a mortgage had been granted on the property but did not allege that the mortgage was invalid or had been discharged. See Bevilacqua, 955 N.E.2d at 895.

Here, Plaintiff does not dispute that he granted the Mortgage to AHMA. [ECF No. 68 ¶¶ 2–4]. It is also undisputed that the mortgage payments were not satisfied, [id. ¶ 19], and there is no genuine issue of material fact that the Property has been foreclosed upon, [ECF No. 56-26]. Plaintiff therefore does not have actual possession or legal title to the property and cannot maintain a quiet title action. See Carvalho v. JPMorgan Chase Bank, N.A., No. 17-cv-10723, 2019 WL 1921701, at *4 (D. Mass. Apr. 30, 2019). Accordingly, Defendants' motion for summary judgment on Count I is GRANTED and Plaintiff's motion is DENIED.

**B. Count II: Demand for Declaratory Judgment**

Plaintiff's second claim seeks a declaratory judgment as to the title-holder of the Property. [ECF No. 61 at 8–9; ECF No. 1-1]. Underlying this claim are Plaintiff's contentions that: (1) MERS had no interest in the mortgage; (2) the 2009 Assignment and 2011 Confirmatory Assignment from MERS to Deutsche Bank as Trustee were invalid; (3) Ocwen could not act as the loan servicer because Plaintiff was never notified that the servicer had changed as required under the mortgage agreement; and (4) Deutsche Bank as Trustee lacked standing to foreclose because it did not possess the Mortgage and the Note at the time of foreclosure. [ECF No. 61 at 5–8].

Plaintiff's first contention is clearly without merit. The Mortgage signed by Plaintiff states: "MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument." [ECF No. 56-3 at 2]. The First Circuit has held that, under these circumstances, MERS properly held bare legal

title to the Property. Culhane v. Aurora Loan Servs. of Neb., 708 F.3d 282, 293 (1st Cir. 2013); see also Morrison v. Lennett, 616 N.E.2d 92, 94–95 (Mass. 1993).

Plaintiff next challenges the 2009 Assignment and 2011 Confirmatory Assignment. As described above, MERS, as nominee for AHMA, had the power to assign the mortgage to another entity, so Plaintiff's argument on those grounds is unsuccessful. Plaintiff further claims that the 2009 Assignment was invalid because it was signed by Linda Green who was unaffiliated with MERS. Even assuming this to be true, Plaintiff's argument fails. By statute in Massachusetts, the requirements for a valid mortgage assignment are as follows:

> Notwithstanding any law to the contrary . . . [an] assignment of [a] mortgage . . . executed before a notary public . . . by a person purporting to hold the position of president, vice president, . . . or other officer . . . of the entity holding such mortgage, or otherwise purporting to be an authorized signatory for such entity . . . shall be binding upon such entity.

Mass. Gen. Laws ch. 183, § 54B. The 2009 Assignment was in writing signed before a notary by someone purporting to be assistant secretary of the assignor (MERS) and was recorded at the Registry of Deeds. See, e.g., Culhane, 708 F.3d at 294. Thus, the Assignment from MERS to Deutsche Bank as Trustee was "presumptively valid." See Abate v. Freemont Inv. & Loan, No. 12-misc-464855, 2012 WL 6115613, at *10 (Mass. Land Ct. Dec. 10, 2012), aff'd, 26 N.E.3d 695 (2015); Gillogly v. Deutsche Bank Nat. Tr. Co., 54 N.E.3d 607 (Mass. App. Ct. 2016) (unpublished) (citing Bank of N.Y. Mellon Corp. v. Wain, 11 N.E.3d 633, 638–39 (Mass. App. Ct. 2014)). Even if latent defects did exist as to the Assignment, Plaintiff lacks standing to raise them. See Bank of New York Mellon Corp, 11 N.E.3d at 639. "Having only presented facts sufficient to show the assignment was voidable under Massachusetts law, plaintiff lacks standing to challenge defendant's possession of the mortgage on this ground." Dyer v. U.S. Bank, N.A.,

141 F. Supp. 3d 149, 156 (D. Mass. 2015) (quoting Butler v. Deutsche Bank Trust Co. Ams., 7784 F.3d 28, 37 (1st Cir. 2014)) (cleaned up).

Plaintiff has even less to support his argument that the 2011 Confirmatory Assignment was invalid. The Confirmatory Assignment was signed before a notary by an assistant secretary of MERS, April King. [ECF No. 56-6]. It was made to correct any errors in the 2009 Assignment. "Where the earlier assignment is not in recordable form or bears some defect, a written assignment executed after foreclosure that confirms the earlier assignment may be properly recorded." Ibanez, 941 N.E.2d at 55. The Confirmatory Assignment therefore meets the requirements of § 54B and is likewise presumptively valid.

Next, Plaintiff contends that Deutsche Banks as Trustee did not have standing to foreclose because Plaintiff was not notified when Ocwen became the loan servicer as required under the mortgage agreement. [ECF No. 61 at 7–8]. This assertion, however, is meritless because the evidence shows, and Plaintiff has not denied, that he received a letter dated February 13, 2013 notifying him that the loan servicer was transitioning to Ocwen. [ECF No. 67-1].

Finally, Plaintiff submits that Deutsche Bank as Trustee did not have standing to foreclose because it was not in possession of the Mortgage and the Note at the time of foreclosure. However, Defendants point to Ocwen's 35C Affidavit which was recorded with the Registry to show that Deutsche Bank as Trustee was the holder of the Mortgage and the Note, [ECF No. 56-7 ¶ 12; ECF No. 56-24], and Plaintiff has not made any reasonable argument to dispute its veracity. Because Defendants have identified the chain of custody of the Note, and Plaintiff has not countered with anything beyond conclusory allegations, no genuine dispute exists. Therefore, Defendants' motion for summary judgment on Count II is GRANTED and Plaintiff's motion is DENIED.

**C. Counts III & IV: Violations of Consumer Protection Laws**

Plaintiff's final claims are that Defendants violated the Massachusetts consumer protection laws, the MFDCPA and Chapter 93A. A plaintiff is only able to recover under Chapter 93A if he has first sent a Chapter 93A demand letter to the party whose acts or practices caused the injury. Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 19 (1st Cir. 2004); Mass. Gen. Laws ch. 93A, §§ 9(1), 9(3). Plaintiff has not demonstrated that he sent a demand letter to Defendants. Where a Plaintiff fails to satisfy a statutory prerequisite, he has not properly stated a claim under Chapter 93A. Bourke v. Retained Realty, Inc., No. 13-cv-11537, 2014 WL 898598, at *3 (D. Mass. Mar. 7, 2014).[7]

Even if Plaintiff could show that he had sent a demand letter, he has proffered no evidence that Defendants exhibited "both bad faith and a level of intent to do harm." See Ferris v. Fed. Home Loan Mortg. Corp., 905 F. Supp. 23, 29 (D. Mass. 1995). In order to make out a claim under Chapter 93A, there must exist "an extortionate quality that gives it the rancid flavor of unfairness." Arthur D. Little, Inc. v. Dooyang Corp., 147 F.3d 47, 55 (1st Cir. 1998) (quoting Atkinson v. Rosenthal, 598 N.E.2d 666, 670 (Mass. App. Ct. 1992)). Plaintiff has alleged no facts that meet the required bad faith threshold. Therefore, Defendants' motion for summary judgment as to Counts III and IV is GRANTED.

[7] Although Plaintiff brings a claim under the MFDCPA, "alleged violations of Massachusetts' debt collection statute under Mass. Gen. Laws ch. 93, § 49 [are] only cognizable insofar as they served a basis for derivative liability under [Chapter 93A] since the Massachusetts debt collection statute 'do[es] not provide private rights of action.'" O'Connor v. Nantucket Bank, 992 F. Supp. 2d 24, 33–34 (D. Mass. 2014) (last alteration in original) (quoting Kassner v. Chase Home Fin., LLC, No. 11-cv-10643, 2012 WL 260392, at *9 (D. Mass. Jan. 27, 2012)). Accordingly, Plaintiff can only recover for an alleged violation of the MFDCPA by asserting that he has an injury under Chapter 93A. Therefore, the requirement for a demand letter applies to both Counts III and IV.

## IV. CONCLUSION

Accordingly, as there is no dispute as to any material fact, Defendants' Motion for Summary Judgment, [ECF No. 54], is GRANTED, and Plaintiff's Motion for Partial Summary Judgment, [ECF No. 60], is DENIED.

**SO ORDERED.**

April 27, 2022

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE